## Cesar BRAVO-CHAVARRIA; et al., Petitioners,

v.

## John ASHCROFT, Attorney General, Respondent.

No. 02–73211.

Agency Nos. A75–525–742, A75–525–741.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 8, 2003.*

Decided Sept. 19, 2003.

Cesar Bravo–Chavarria, Evelyn Jasmin Bravo–Chavarria, Santa Ana, CA, pro se.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Los Angeles District Counsel, Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Deborah N. Misir, Office Of Immigration Litigation, Washington, DC, Papu Sandhu, Mary Jane Candaux, for Respondent.

Before PREGERSON, THOMAS, and PAEZ, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM**

Cesar Bravo Chavarria and Evelyn Jasmin Bravo Chavarria, natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' affirmance of an immigration judge's denial of their application for suspension of deportation. We have jurisdiction to review petitioners' constitutional challenge. *See Jimenez–Angeles v. Ashcroft,* 291 F.3d 594, 599 (9th Cir.2002). We deny the petition for review.

Petitioners' essential contention on appeal is that the Illegal Immigration Reform and Immigrant Responsibility Act's ("IIRIRA") repeal of suspension of deportation relief violates equal protection and due process. We disagree.

Petitioners' were served with a Notice to Appear after April 1, 1997. Accordingly, the permanent rules of IIRIRA apply. *See Ramirez–Zavala v. Ashcroft,* 336 F.3d 872, 874 (9th Cir.2003). Congress's decision to repeal suspension of deportation relief and set April 1, 1997 as the effective date of the repeal is not wholly irrational. *See Hernandez–Mezquita v. Ashcroft,* 293 F.3d 1161 (9th Cir.2002) (stating that to win on an equal protection challenge, petitioner must show that the immigration classification is wholly irrational); *see also Ram v. INS,* 243 F.3d 510, 517 (9th Cir. 2001) ("Line-drawing decisions made by Congress or the President in the context of immigration must be upheld if they are rationally related to a legitimate government purpose.").

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.